Thomson, J.
This suit was brought by the appellee against the appellant to enforce specific performance of a contract of John Klaes, Jr., for the conveyance of certain real estate to the plaintiff, to which real estate the defendant subsequently acquired the title. Specific performance was decreed as prayed, and the defendant appealed.
The complaint alleged the execution by Klaes to the plaintiff of the following agreement:
“ Jan’y 16, 1896.
“ For and in consideration of twenty five dollars worth of groceries, which I have this day received of A. M. Marks, I do hereby agree to give said A. M. Marks a clear title to a one-half interest in the following claims, situated in 4 Mile Mining district. The claims are named as follows : Elkhorn, Little Rock, Lottie, Blanche, Camp Bird.
“John Klaes, Jk.”
It was further averred that it was the intention of the parties that the “North Star” mining claim should be named in the agreement, instead of the “ Blanche; ” that the insertion of the “Blanche,” and the omission of the “North Star,” was due to inadvertence and mutual mistake, and that the mistake was not known to the plaintiff until some time afterwards, when Klaes wrongfully and fraudulently refused to correct it. The complaint also *250 stated that on the 6th day of February, 1896, Klaes sold and conveyed his entire interest in the “Elkhorn,” “Little Rock,” “ Lottie,” “ North Star ” and “ Camp Bird ” claims to the defendant, and that the defendant took the title with actual notice and full knowledge of the plaintiff’s rights and interest in the property.
The answer of the defendant denied any notice or knowledge of the plaintiff’s alleged interest. It averred, upon information and belief, that the agreement, as originally written, was for the vesting in the plaintiff of title to a one-half interest in the “Elkhorn,” “North Star,” “No Name,” “Blanche” and “ Camp Bird ” claims; and that after the writing had been executed and delivered to the plaintiff, he, without the knowledge or consent of Klaes, erased the name “North Star,” and wrote in its place the name “ Little Rock,” and canceled the words “No Name,” by drawing a pen through them, and in their stead wrote the word “ Lottie.” After the case was at issue the plaintiff died, and Moses J. Marks was substituted for him. The only evidence in the case was that produced by the plaintiff. The defendant offered none.
It is quite clear from the evidence that the agreement as executed by Klaes contained the names “North Star” and “No Name,” and did not contain the names “Little Rock” and “ Lottie; ” and that it was afterwards altered as stated in the answer. There was evidence which tended to show that the alterations were made by the original plaintiff without the knowledge or consent of Klaes ; and if such was the fact, the instrument is a nullity. But in order to dispose of this appeal, it is not necessary to consider that evidence. The present plaintiff, Moses J. Marks, was a witness in his own behalf. He testified that the agreement was in the handwriting of A. M. Marks; that he was present when it was written, and saw it signed ; that when it was written, Klaes did not know the names of all the claims; that a few days afterwards he came back, and, acting under his direction, A. M. Marks changed some of the names; that he (witness) was present when the changes were made ; that a little knife, *251 or small paper scratcher, was used; that he remembered that the name “North Star” was scratched out, but did not remember what name was inserted; he thought, however, it was “ Little Rock.” Jacob M. Marks testified for the plaintiff. He stated that he was present when the agreement was written and signed; that it was written by A. M. Marks; that it contained the names “Elkhorn,” “North Star,” “No Name,” “ Blanche ” and “ Camp Bird; ” that the words “ No Name ” were inserted, because Klaes could not think of the true name, Klaes promising to find the true name and put it in the place of “ No Name ”; that a few days afterwards, Klaes came back saying that he had found the correct names, and directed A. M. Marks to put “Lottie” in the place of “No Name,” and “Little Rock” in the place of ‘.‘North Star,” which Mr. Marks accordingly did. There was some documentary and other evidence from which an inference is sought to be drawn that the erasure of the “ North Star ” must have been a mistake, and that the intention must have been to erase the “ Blanche,” and insert the “ Little Rock ” in its place. There is nowhere any direct proof that such was the case, and that it might have been is only a conclusion drawn from some extrinsic facts which are sufficiently consistent with such a view to furnish the material for a skillful argument. We do not find it necessary to discuss this evidence, because, even giving it an effect, such as counsel seem to think it entitled to, the judgment must nevertheless be reversed.
There was no evidence that the defendant prior to its purchase from Klaes, and the recording of its deed, had any notice or knowledge that any person asserted as against Klaes, any right or interest in the “North Star” claim. Jacob M. Marks testified that he was present at a conversation, in the latter part of January, between the present plaintiff, Moses J. Marks, and Mr. Richardson, the agent of the defendant, in which Mr. Richardson asked Mr. Marks whether he was interested “ in these claims with John Klaes,” and Mr. Marks replied that he was not, but that his boy Abe was. The witness further stated that on February 7, — which was the day *252 the deed from Klaes to the company was filed for record, — he accompanied A. M. Marks to the office of the company, where notice was given to Richardson “ that we had a claim on it, and that we understood — told him what the claim was — -that we understood that he was negotiating with Klaes, something to that effect, for the claims, and if he was going to make a deal, he made it subject to having some trouble with us, or fixing an agreement up with us, — that we — that Abe had between him and Klaes.” It also appears that the agreement between Klaes and A. M. Marks, as it was after the erasures and substitutions had been made, was filed for record on the 7th day of February, and that Richardson examined it before filing the company’s deed. That agreement is before us. A line is drawn across the words “No Name,” and. the word “ Lottie ’’written above them. The words “ Little Rock ” are written upon a space from which, apparently, something else has been erased. The erasure was made with some kind of an instrument, and completely obliterated whatever was there before, so that nothing at that place is visible but the words “ Little Rock.” So far as the record shows, the conversations with Richardson, and his examination of the agreement, constitute the only notice that the company ever had of the transaction between Klaes and A. M. Marks.
The case made by tbe proof was not the case stated in the complaint. The complaint alleged that the original agreement contained the name “ Little Rock,” but the proof was that the original agreement did not contain the name “ Little Rock.” The complaint alleged that the name “ North Star ” was, by mistake, omitted from the original agreement; but the plaintiff proved that the name “ North Star ” was not omitted at all. Lie proved that the original writing contained the “ North Star,” and did not mention the “ Little Rock ”; and, that afterwards, by agreement of the parties, the “ North Star ” was erased, and the “ Little Rock ” substituted. In the respect in which the complaint alleged mistakes in the original paper, the plaintiff proved that there was no mistake. The complaint charged a wrongful and fraudulent refusal by *253 Klaes to correct a mistake; but tbe plaintiff proved that whatever in the nature of a mistake the instrument did originally contain, Klaes voluntarily caused to be corrected.
Where the foundation of a proceeding is the alleged existence of a certain state of facts, how the plaintiff can entitle himself to the relief sought by proving the existence of an opposite state of facts, we are not able, at present, to perceive. Very clearly the contract, as originally drawn, was reformed by the parties themselves; and we are unable to find any evidence which would authorize its further reformation.
The court decreed a conveyance by the defendant to the plaintiff of an interest in the “North Star” mining claim; and even if we might entertain a supposition that, as against Klaes, the evidence would entitle the plaintiff to that interest we find nothing to justify the decree as against the defendant. The conversation which was proven, did not amount to evidence that A. M. Marks asserted any interest in the “ North Star.” But if it may be said that they contained enough to put the company upon inquiry, and that it therefore became its duty to ascertain the nature and extent of his claim, the answer is that it did make inquiry, and made the inquiry at the very place where the supposition would necessarily be that the information received would be correct. By its agent it consulted the instrument through which whatever interest Marks had was derived, and which he had filed with the recorder for the purpose of giving notice to'the world of what that interest was. Upon its face it would lead to the belief that whatever mistakes it originally contained had been corrected; and, by a person unacquainted with the details of the transaction, would be accepted as conclusive evidence of the real understanding and agreement of the parties. It was not incumbent upon the defendant to inquire further. Now, by the terms of the instrument, as it was seen and examined by Mr. Richardson, the plaintiff was entitled to no interest in the “North Star”; and being unadvised that a right in that property was asserted on the ground of any uncorrected mistake in the instrument, the *254 defendant took the title to it, unaffected by the claim which the plaintiff now seeks to enforce.
The judgment must be reversed.

Reversed.